**08 CV 3734**

Outten & Golden LLP
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

APR 18 2008
U.S.D.C. S.D.N.Y.
CASHIERS

| | |
|---|---|
| KENNISHA LAWRENCE and EUGENE WINAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiffs Kennisha Lawrence ("Lawrence") and Eugene Winan ("Winan"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action to challenge Starbucks Corporation's ("Starbucks") policy of collecting customer tips from tip jars, pooling them, and redistributing them to some customer service employees who earned the customer tips (Baristas and Shift Supervisors) but not to others who also earned them (Trainees and Assistant Managers).

2. Plaintiffs also bring this action to challenge Starbucks' policy of holding, for a period, the customer tips it collects and distributing them to workers once each week. By doing so, Starbucks denies its workers the use of the tips during the period Starbucks

holds them, and unjustly benefits by having the use of the money itself. This policy harms Trainees, Baristas, Shift Supervisors, and Assistant Managers.

3. Plaintiffs bring this case as a class action on behalf of themselves and other current and former Starbucks customer service workers pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

4. Lawrence is an adult individual who is a resident of New York.

5. Lawrence was employed by Starbucks as a Trainee and as a Barista in New York from approximately April 2006 through approximately August 2007.

6. Lawrence is a covered employee within the meaning of the NYLL.

7. Winan is an adult individual who is a resident of New York.

8. Winan was employed by Starbucks as a Trainee, a Barista, a Shift Supervisor, and an Assistant Manager in New York from approximately November 2002 through approximately August 2007.

9. Winan is a covered employee within the meaning of the NYLL.

### Defendant

10. Defendant Starbucks Corporation ("Starbucks") owns and operates coffee shops throughout the United States, including in New York.

11. Starbucks is a corporation incorporated and existing under the laws of Washington.

12. Starbucks' corporate headquarters, its principal place of business, is in Washington.

13. Starbucks is a covered employer within the meaning of the NYLL and at all times relevant, employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction over Plaintiffs' claims under the Class Action Fairness Act, 28 U.S.C. § 1332 (d).

15. The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

16. At least one member of the proposed class is a citizen of a state different from Starbucks.

17. Starbucks is a citizen of Washington.

18. Starbucks is not a citizen of New York.

19. The claims asserted involve matters of national and interstate interest.

20. This complaint has not been pleaded in a manner that seeks to avoid federal jurisdiction.

21. During the 3-year period preceding the filing of this complaint, more than one other class action asserting similar claims has been filed.

22. At least one member of the proposed class is a citizen of a state different from that of Defendant.

23. Venue is proper in the Southern District of New York.

## CLASS ACTION ALLEGATIONS

*The Trainee and Assistant Manager Class*

24. Plaintiffs brings NYLL claims, under Rule 23, on behalf of herself and a class of persons consisting of

> all persons who have worked for Starbucks in New York as Trainees and/or Assistant Mangers between April 18, 2002 and the date of final judgment in this matter

(the "Trainee and Assistant Manager Class").

25. Excluded from the Trainee and Assistant Manager Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Trainee and Assistant Manager Class.

26. The employees in the Trainee and Assistant Manager Class are so numerous that joinder of all members is impracticable.

27. Upon information and belief, the size of the Trainee and Assistant Manager Class is at least 100 individuals. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendant.

28. Defendant has acted or has refused to act on grounds generally applicable to the Trainee and Assistant Manager Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Trainee and Assistant Manager Class as a whole.

29. Common questions of law and fact exist as to the Trainee and Assistant Manager Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   (a) whether Starbucks Trainees and Assistant Managers were entitled to receive customer tips under the NYLL;

   (b) whether Defendants violated the NYLL by demanding, handling, pooling, counting, and distributing class members' tips;

   (c) whether Defendant's tip pooling arrangement was voluntary;

   (d) the nature and extent of class-wide injury and the measure of damages for those injuries.

30. Plaintiffs claims are typical of the claims of the Trainee and Assistant Manager Class they seek to represent. Plaintiffs and all of the Trainee and Assistant Manager Class members work, or have worked, for Defendant and enjoy the same statutory rights under the NYLL to keep the tips they earn. Plaintiff and Trainee and Assistant Manager Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL. Plaintiff and the Trainee and Assistant Manager Class members have all been injured in that they have under-compensated due to Defendant's common policies, practices, and patterns of conduct.

31. Plaintiffs will fairly and adequately represent and protect the interests of the Trainee and Assistant Manager Class members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Trainee and Assistant Manager Class members.

32. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Trainee and Assistant Manager Class have been damaged and are entitled to recovery as a result of Defendant's violation of the

NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Trainee and Assistant Manager Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individuals lack the financial resources to conduct a thorough examination of Defendant's compensation practices and records and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

33. The Trainee and Assistant Manager Class is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

***The Interest Class***

34. Plaintiffs also bring NYLL claims under Rule 23, on behalf of themselves and a class of persons consisting of

> all persons who have worked for Starbucks in New York as Trainees, Baristas, Shift Supervisors, and/or Assistant Mangers between April 18, 2002 and the date of final judgment in this matter

(the "Interest Class").

35. Excluded from the Interest Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Interest Class.

36.     The employees in the Interest Class are so numerous that joinder of all members is impracticable.

37.     Upon information and belief, the size of the Interest Class is at least 100 individuals. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendant.

38.     Defendant has acted or has refused to act on grounds generally applicable to the Interest Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Interest Class as a whole.

39.     Common questions of law and fact exist as to the Interest Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether Defendant violated the NYLL by demanding, handling, pooling, counting, and distributing class members' tips;

(b) whether Defendant's tip pooling arrangement was voluntary;

(c) the nature and extent of class-wide injury and the measure of damages for those injuries.

40.     Plaintiffs claims are typical of the claims of the Interest Class they seek to represent. Plaintiffs and all of the Interest Class members work, or have worked, for Defendant and enjoy the same statutory rights under the NYLL to keep the tips they earn and to receive the tips when they earn them. Plaintiffs and Interest Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL. Plaintiffs and the Interest Class members have all been injured in that they have under-compensated due to Defendant's common policies, practices, and patterns of conduct.

41. Plaintiffs will fairly and adequately represent and protect the interests of the Interest Class members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Interest Class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Interest Class have been damaged and are entitled to recovery as a result of Defendant's violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Interest Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individuals lack the financial resources to conduct a thorough examination of Defendant's compensation practices and records and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

43. The Interest Class is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CLASS-WIDE FACTUAL ALLEGATIONS

44. Starbucks customers tipped Plaintiffs, the members of the Trainee and Assistant Manager Class, and the members of the Interest Class (collectively "Class Members") by depositing cash ("customer tips") in tip jars located in Starbucks' stores, typically near the cash registers.

45. Starbucks' customers intended that the customer tips to go to customer service

employees, including Plaintiffs and the members of the Trainee and Assistant Manager Class.

46.    Starbucks did not allow Plaintiffs and the Class Members to retain the customer tips they earned.

47.    Throughout the relevant period, it was Starbucks' policy and practice to demand, collect, receive, retain, pool, handle, count, and hold customer tips that Plaintiffs and the Class Members earned, and redistribute them to certain employees once each week (the "Tip Pooling Policy").

48.    Starbucks unilaterally implemented the Tip Pooling Policy.

49.    Tip Pooling Policy was not voluntary on the part of Plaintiffs and the Class Members.

50.    Starbucks unilaterally decided to redistribute customer tips to Baristas and Shift Supervisors, but not to other customer-service employees – Trainees and Assistant Managers – who also earned them.

51.    Trainees and Assistant Managers were tip-eligible employees under the NYLL and were entitled to a share of the customer tips.

52.    To a reasonable Starbucks' customer, Trainees and Assistant Managers were indistinguishable from Baristas or Shift Supervisors.

53.    Trainees spent almost all of their work time serving and interacting with customers.

54.    Trainees were hourly customer service employees with no supervisory or managerial authority. They did not have the power to hire or fire other employees.

55.    Assistant Managers were customer service employees who did not have the

power to hire or fire other employees or to take any substantial employment actions with respect to other employees.

56. Prior to October 2002, Starbucks classified all Assistant Managers as "exempt" employees under the FLSA.

57. In October 2002, Starbucks reclassified all Assistant Mangers for purposes of the FLSA from "exempt" to "non-exempt," making all Assistant Mangers eligible for overtime.

58. Throughout the relevant period, Assistant Managers were required to record their work time by punching in and out for shifts and breaks.

59. Assistant Mangers had no significant managerial responsibilities. Store Managers were responsible for running Starbucks' stores.

60. Assistant Managers typically spent almost all of their work time serving customers.

61. The Tip Pooling Policy harmed Plaintiffs and the members of the Interest Class, and benefitted Starbucks by depriving Plaintiffs and the members of the Interest Class of the time value of the customer tips they earned and that customers intended them to recieve.

62. The Tip Pooling Policy harmed Plaintiffs and the members of the Trainee and Assistant Manager Class by depriving them of customer tips they earned and that customers intended them to receive.

63. Plaintiff and the Class Members have been victims of Defendant's common policy and practices that has violated their rights under the NYLL and common law.

64. As part of its regular business practice, Defendant has intentionally, willfully,

and repeatedly harmed Plaintiff and the Class Members by engaging in a pattern, practice, and/or policy of violating the NYLL as described in this Class Action Complaint.

65. Upon information and belief, the unlawful policies described in this Complaint do not vary from store to store.

66. Upon information and belief, Defendant's unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice.

67. Defendant's unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendants' policies and practices described in this Class Action Complaint have been centrally promulgated and uniform throughout Defendants' stores nationwide.

68. Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

## FIRST CAUSE OF ACTION

**New York Labor Law – Unlawful Deductions and Tip Retention**
**(Brought on behalf of Plaintiffs and the members of the NYLL Class)**

69. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

70. At all times relevant, Plaintiffs and the Class Members have been employees within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

71. At all times relevant, Defendant has been an employer within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor

Regulations.

72. The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendant and protect Plaintiff and the Class Members.

73. By the conduct described herein, Defendant violated NYLL §§ 193 and 196-d and supporting New York State Department of Labor Regulations.

74. Due to Defendant's violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

75. Plaintiffs do not seek liquidated damages under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiffs as representatives of the Rule 23 Classes, and counsel of record as Class Counsel;

C. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

D. Unpaid wages pursuant to NYLL Article 6 §§ 190 *et seq.* and the supporting New York State Department of Labor regulations (Plaintiffs do not seek

12

liquidated damages under the NYLL on behalf of the Rule 23 Class);

E. Pre-judgment interest and post-judgment interest;

F. An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL;

G. Reasonable attorneys' fees and costs of the action; and

H. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
April 18, 2008

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

_____
Adam T. Klein (AK 3293)

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**Attorneys for Plaintiffs and the Putative Class**