UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNISHA LAWRENCE and EUGENE WINAN, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>STARBUCKS CORPORATION,<br><br>            Defendant. | Case No. 08-cv-03734-LTS-JCF |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant Starbucks Corporation ("Starbucks") hereby submits its Answer to plaintiffs Kennisha Lawrence's and Eugene Winan's Class Action Complaint ("Complaint"). Starbucks denies each and every allegation contained in Plaintiffs' Complaint except as expressly admitted herein.

    1.    Starbucks admits that plaintiffs purport to bring an action against Starbucks regarding the collection and distribution of tips. Starbucks denies all remaining allegations in Paragraph 1 of the Complaint.

    2.    Starbucks admits that plaintiffs purport to bring an action against Starbucks regarding the collection and distribution of tips. Starbucks denies all remaining allegations in Paragraph 2 of the Complaint.

    3.    Starbucks admits that plaintiffs purport to bring this case as a class action on behalf of themselves and other current and former Starbucks customer service workers pursuant to Federal Rule of Civil Procedure 23 and the New York Labor Law. Starbucks denies all remaining allegations in Paragraph 3 of the Complaint.

## **THE PARTIES**

4. Starbucks admits that plaintiff Lawrence is an adult individual. Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 4 of the Complaint, and therefore denies them.

5. Starbucks admits that plaintiff Lawrence was employed by Starbucks as a barista in New York between approximately April 2006 and August 2007. Starbucks denies the remaining allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 6 of the Complaint.

7. Starbucks admits that plaintiff Winan is an adult individual. Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 7 of the Complaint, and therefore denies them.

8. Starbucks admits that plaintiff Winan was employed by Starbucks as a barista, shift supervisor, and assistant store manager in New York during various periods between approximately November 2002 and August 2007. Starbucks denies all remaining allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 9 of the Complaint.

10. Starbucks admits the allegations in Paragraph 10 of the Complaint.

11. Starbucks admits the allegations in Paragraph 11 of the Complaint.

12. Starbucks admits the allegations in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Starbucks admits the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Starbucks admits the allegations in Paragraph 15 of the Complaint.

16. Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 16 of the Complaint, and therefore denies them.

17. Starbucks admits the allegations in Paragraph 17 of the Complaint.

18. Starbucks admits the allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20. Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 20 of the Complaint, and therefore denies them.

21. Starbucks denies the allegations in Paragraph 21 of the Complaint.

22. Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 22 of the Complaint, and therefore denies them.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, Starbucks admits the allegations in Paragraph 23 of the Complaint.

## CLASS ACTION ALLEGATIONS

24. Starbucks admits that plaintiff purports to bring this action in her individual capacity and as a class action based on the class definition stated in Paragraph 24 of the Complaint. Starbucks denies the remaining allegations in Paragraph 24 of the Complaint, and denies that this case may be maintained as a class action.

25. Starbucks admits that plaintiff purports to exclude the persons and/or positions listed in Paragraph 25 of the Complaint from the class definition stated in Paragraph 24. Starbucks denies the remaining allegations in Paragraph 25 of the Complaint, and denies that this case may be maintained as a class action.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 26 of the Complaint.

27. Starbucks admits that more than 100 assistant store managers worked in Starbucks stores located in the State of New York between April 18, 2002 and the present. Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 27 of the Complaint, and therefore denies them.

28. Starbucks denies the allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 30 of the Complaint.

31. Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 31 of the Complaint, and therefore denies them.

32. Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 33 of the Complaint.

34. Starbucks admits that plaintiffs purport to bring this action in their individual capacity and as a class action based on the class definition stated in Paragraph 34 of the Complaint. Starbucks denies the remaining allegations in Paragraph 34 of the Complaint, and denies that this case may be maintained as a class action.

35. Starbucks admits that plaintiffs purport to exclude the persons and/or positions listed in Paragraph 35 of the Complaint from the class definition stated in Paragraph 34. Starbucks denies the remaining allegations in Paragraph 35 of the Complaint, and denies that this case may be maintained as a class action.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 36 of the Complaint.

37. Starbucks admits that more than 100 shift supervisors, baristas, and assistant store managers worked in Starbucks stores located in the State of New York between April 18, 2002 and the present. Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 37 of the Complaint, and therefore denies them.

38. Starbucks denies the allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the allegations in Paragraph 41 of the Complaint, and therefore denies them.

42. Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 43 of the Complaint.

## CLASS-WIDE FACTUAL ALLEGATIONS

44. Starbucks denies the allegations in Paragraph 44 of the Complaint.

45. Starbucks denies the allegations in Paragraph 45 of the Complaint.

46. Starbucks denies the allegations in Paragraph 46 of the Complaint.

47. Starbucks denies the allegations in Paragraph 47 of the Complaint.

48. Starbucks denies the allegations in Paragraph 48 of the Complaint.

49. Starbucks denies the allegations in Paragraph 49 of the Complaint.

50. Starbucks denies the allegations in Paragraph 50 of the Complaint.

51. Starbucks denies the allegations in Paragraph 51 of the Complaint.

52. Starbucks denies the allegations in Paragraph 52 of the Complaint.

53. Starbucks denies the allegations in Paragraph 53 of the Complaint.

54. Starbucks admits the allegations in Paragraph 54 of the Complaint.

55. Starbucks denies the allegations in Paragraph 55 of the Complaint.

56. Starbucks admits the allegations in Paragraph 56 of the Complaint.

57. Starbucks admits the allegations in Paragraph 57 of the Complaint.

58. Starbucks admits that assistant store managers were required to record their work time by punching in and out for shifts and breaks from October 2002-present. Starbucks denies the remaining allegations in Paragraph 58 of the Complaint.

59. Starbucks admits that store managers are responsible for running Starbucks stores. Starbucks denies the remaining allegations in Paragraph 59 of the Complaint.

60. Starbucks denies the allegations in Paragraph 60 of the Complaint.

61. Starbucks denies the allegations in Paragraph 61 of the Complaint.

62. Starbucks denies the allegations in Paragraph 62 of the Complaint.

63. Starbucks denies the allegations in Paragraph 63 of the Complaint.

64. Starbucks denies the allegations in Paragraph 64 of the Complaint.

65. Starbucks denies the allegations in Paragraph 65 of the Complaint.

66. Starbucks denies the allegations in Paragraph 66 of the Complaint.

67. Starbucks denies the allegations in Paragraph 67 of the Complaint.

68. Starbucks denies the allegations in Paragraph 68 of the Complaint.

## **FIRST CAUSE OF ACTION**

69. Starbucks repeats and incorporates by reference its response to Paragraphs 1-68 as its response to Paragraph 69 of the Complaint.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 70 of the Complaint.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 71 of the Complaint.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 72 of the Complaint.

73. Starbucks denies the allegations in Paragraph 73 of the Complaint.

74. Starbucks denies the allegations in Paragraph 74 of the Complaint.

75. Starbucks admits that plaintiffs purport not to seek liquidated damages under the NYLL in Paragraph 75 of the Complaint.

## PRAYER FOR RELIEF

76. Starbucks admits that plaintiffs purport to seek the relief requested in Paragraphs (A)-(H) of their Prayer for Relief. Starbucks denies all other allegations in Plaintiffs' Prayer for Relief and denies that plaintiffs are entitled to the relief requested in Paragraphs (A)-(H) of the Complaint.

## DEMAND FOR TRIAL BY JURY

77. Starbucks admits that plaintiffs purport to demand a trial by jury on questions of fact.

## DEFENDANT STARBUCKS CORPORATION'S DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, acquiescence, accord and satisfaction, or release.

### FOURTH DEFENSE

Plaintiffs lack standing to assert some or all of the claims asserted in the Complaint.

### FIFTH DEFENSE

At all relevant times, Starbucks and its agents have acted in good faith and with a reasonable belief that they had not violated any provision of the New York Labor Law.

### SIXTH DEFENSE

Plaintiffs have failed to join all indispensable and/or necessary parties for the just and complete adjudication of the matters alleged.

### SEVENTH DEFENSE

Plaintiffs' claims are subject, in whole or in part, to set-off.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### NINTH DEFENSE

Starbucks did not willfully deprive any person of any wages, gratuities, compensation, or monies to which they may have been entitled.

### TENTH DEFENSE

Any recovery to which plaintiffs may be entitled must be barred or reduced because of plaintiffs' failure to mitigate damages.

## ELEVENTH DEFENSE

The Complaint and plaintiffs' alleged recovery are barred to the extent that plaintiffs have suffered no damages.

## TWELFTH DEFENSE

The Complaint fails to state a claim upon which declaratory or injunctive relief can be granted.

## THIRTEENTH DEFENSE

All or part of plaintiffs' claims are barred by the *de minimis* doctrine.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because plaintiffs are not entitled to share in a distribution of gratuities under New York Labor Law, Article 6, §§ 190 *et seq.* and supporting New York State Department of Labor regulations.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because Starbucks has not demanded, accepted received, requested, or deducted, whether directly or indirectly, any part of the gratuities received by plaintiffs, or any other payment to which plaintiffs may be entitled pursuant to New York Labor Law, Article 6, §§ 190 *et seq.* and supporting New York State Department of Labor regulations.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred because Starbucks has timely paid all wages or any other compensation to which plaintiffs may be entitled.

## ADDITIONAL DEFENSES

Starbucks reserves the right to add to this Answer and to rely upon affirmative defenses disclosed by further investigation and discovery.

10

WHEREFORE, having fully answered the Complaint, Starbucks prays for relief as follows:

1. For an Order dismissing Plaintiffs' Complaint with prejudice;

2. For an Order granting Starbucks its attorneys' fees, costs and disbursements incurred in defending this action.

3. Such other and further relief that the Court deems just and equitable.

Respectfully submitted,

DATED: May 27, 2008

/s/ Samidh Guha
Samidh Guha
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
sguha@akingump.com

ATTORNEY FOR DEFENDANT
STARBUCKS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copy of the foregoing Answer to Class Action Complaint was served this 27th day of May, 2008 via the ECF filing system (registered users) or via U.S. Mail on the following:

>Adam T. Klein, Esq.
>Justin M. Swartz, Esq.
>OUTTEN & GOLDEN LLP
>3 Park Avenue, 29th Floor
>New York, NY 10016

/s/ Samidh Guha