**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
KENNISHA LAWRENCE and EUGENE
WINAN, on behalf of themselves and all
others similarly situated,                                      Case No. 08-cv-03734 (LTS)

                Plaintiffs,

                vs.

STARBUCKS CORPORATION,

                Defendant.
------------------------------------------------------------x

## PRELIMINARY PRETRIAL STATEMENT

Pursuant to the Court's Initial Conference Order dated April 14, 2008, and Fed. R. Civ. P. 26(f), plaintiffs Kennisha Lawrence and Eugene Winan (collectively, "plaintiffs") and defendant Starbucks Corporation ("Starbucks"), by and through their respective undersigned counsel, submit the following pretrial statement.

## CONCISE STATEMENT OF NATURE OF THE ACTION

1. Plaintiffs bring this action to challenge defendant's alleged policy of collecting customer tips from tip jars, pooling them, and redistributing them to some customer-service employees who earned the customer tips (baristas and shift supervisors) but not to others who also earned them (trainees and assistant store managers) (the "Trainee and Assistant Manager Class") in purported violation of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations.

2. Plaintiffs also bring this action to challenge defendant's alleged policy of holding, for a period, the customer tips it collects and distributing them to workers once each week. Plaintiffs claim that by allegedly doing so, Starbucks denies its workers the use of the tips during the

1

period Starbucks holds them, and unjustly benefits by having the use of the money itself. Plaintiffs contend this policy harms trainees, baristas, shift supervisors, and assistant managers (the "Interest Class") in violation of the NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations. Plaintiffs seek to represent a class of all tip-eligible employees who were employed by Starbucks in the State of New York between April 18, 2002 and the present pursuant to Fed. R. Civ. P. 23.

3.  Defendant denies plaintiffs' allegations and maintains that its tip distribution policies are lawful. Defendant contends that assistant store managers have not been deprived of any gratuities to which they are entitled, and that assistant store managers are properly excluded from receiving proceeds from tip containers in Starbucks stores because they are employees who may not share in such gratuities pursuant to New York Labor Law § 196-d. Defendant also contends that baristas receive tips while they are training, and that New York Labor Law allows for baristas and shift supervisors to hold tips and distribute them to employees on a weekly basis. Finally, defendant contends that plaintiffs may not maintain their action as a class action pursuant to Fed. R. Civ. P. 23.

## CONCISE STATEMENT AS TO JURISDICTION AND VENUE

The parties agree that this Court has federal diversity jurisdiction over the consolidated actions pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiffs are citizens of New York and defendant is a citizen of the State of Washington with its principal place of business in Washington. The parties agree that the amount in controversy in these proposed class actions exceeds $5,000,000, exclusive of interests and costs, and the proposed class includes more than 100 members.

## CONCISE STATEMENT OF MATERIAL UNCONTESTED FACTS

The parties do not dispute the following facts:

1. Plaintiff Lawrence was employed as a barista by Starbucks in the State of New York;

2. Plaintiff Winan was employed at different times during his employment with Starbucks as a barista, shift supervisor, and assistant store manager by Starbucks in the State of New York;

3. Starbucks provides a container in its stores where customers can leave gratuities;

4. Gratuities from the tip containers are divided among some store-level employees (baristas and shift supervisors), but not others (assistant store managers and store managers).

## CONCISE STATEMENT OF UNCONTESTED LEGAL ISSUES

There are no uncontested legal issues, except that the parties do not dispute that New York law applies to the named plaintiffs' employment relationship with defendant during the period plaintiffs were employed in the State of New York.

## CONCISE STATEMENT OF LEGAL ISSUES TO BE DECIDED BY THE COURT

The legal issues the Court will be asked to decide include the following:

    A.    Whether Starbucks assistant store managers were entitled to receive gratuities collected in store tip containers under the NYLL;

    B.    Whether Starbucks baristas received all tips to which they were entitled during their training period;

    C.    Whether defendant violated the NYLL by allegedly demanding, handling, pooling, counting, and distributing class members' tips;

    D.    Whether plaintiffs may maintain their claims as a class action pursuant to Fed. R. Civ. P. 23;

  E.    If plaintiffs succeed in proving any of their asserted claims, the nature and extent of injury and the measure of damages for those injuries; and

  F.    If plaintiffs succeed in proving any of their asserted claims, whether any of defendant's affirmative defenses preclude or limit plaintiffs' recovery in whole or in part.

### PARTIES' CONCISE STATEMENT OF MATERIAL DISPUTED FACTS

**A. Plaintiffs' Statement of Material Disputed Facts**

Starbucks' customers tipped plaintiffs, the members of the Trainee and Assistant Manager Class, and the members of the Interest Class (collectively "Class Members") by depositing cash ("customer tips") in tip jars located in Starbucks' stores, typically near the cash registers. Starbucks' customers intended that the customer tips to go to customer service employees, including plaintiffs and the members of the Trainee and Assistant Manager Class. Starbucks did not allow plaintiffs and the Class Members to retain the customer tips they earned. Throughout the relevant period, it was Starbucks' policy and practice to demand, collect, receive, retain, pool, handle, count, and hold customer tips that plaintiffs and the Class Members earned, and redistribute them to certain employees once each week (the "Tip Pooling Policy"). Starbucks unilaterally implemented the Tip Pooling Policy. Tip Pooling Policy was not voluntary on the part of plaintiffs and the Class Members.

Starbucks unilaterally decided to redistribute customer tips to Baristas and Shift Supervisors, but not to other customer service employees – Trainees and Assistant Managers – who also earned them. Trainees and Assistant Managers were tip-eligible employees under the NYLL and were entitled to a share of the customer tips.

To a reasonable Starbucks' customer, Trainees and Assistant Managers were

indistinguishable from Baristas or Shift Supervisors. Trainees and Assistant Managers spent almost all of their work time serving and interacting with customers. Trainees were hourly customer service employees with no supervisory or managerial authority. They did not have the power to hire or fire other employees. Assistant Managers were customer service employees who did not have the power to hire or fire other employees or to take any substantial employment actions with respect to other employees. Prior to October 2002, Starbucks classified all Assistant Managers as "exempt" employees under the FLSA. In October 2002, Starbucks reclassified all Assistant Managers for purposes of the FLSA from "exempt" to "non-exempt," making all Assistant Managers eligible for overtime. Throughout the relevant period, Assistant Managers were required to record their work time by punching in and out for shifts and breaks. Assistant Managers had no significant managerial responsibilities. Store Managers were responsible for running Starbucks' stores. Assistant Managers typically spent almost all of their work time serving customers by working the cashier, or preparing or serving coffee or other food or drink items.

### B.     Defendant's Statement of Material Disputed Facts

Starbucks stores generally employ baristas, shift supervisors, store managers and, in many stores, assistant store managers. Baristas and shift supervisors are hourly "partners" (Starbucks term for "employees") that spend the vast majority of their time working side-by-side performing the same direct customer service tasks.

Starbucks store managers and assistant store managers are paid salaries and bonuses, and perform managerial functions on a day-to-day basis. Assistant store managers may, *inter alia*, alone or under the supervision of their store manager: (1) interview potential partners; (2) recommend the hiring and termination of partners; (3) schedule partners; (4) direct subordinate

partner work; (5) discipline or recommend discipline for subordinate partners; (6) evaluate partners; (7) recommend partners for promotion; and (8) perform various administrative managerial tasks.

Starbucks store managers and assistant store managers are prohibited from collecting or distributing gratuities left in containers at Starbucks stores. These gratuities are divided amongst the company's hourly employees (baristas and shift supervisors) in proportion to the amount of time they worked during each workweek. Baristas in training are among those partners who receive gratuities from this distribution.

### PLAINTIFFS' STATEMENT OF LEGAL BASES FOR THEIR CAUSES OF ACTION

Starbucks violated NYLL §§ 193 and 196-d and supporting New York State Department of Labor Regulations through the actions described above.

### DEFENDANT'S STATEMENT OF THE LEGAL BASES OF ITS DEFENSES

Plaintiffs' claims fail under §§ 193 and 196-d and the case authority interpreting them, including *Ayers v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305 (S.D.N.Y. 1998) and *Chan v. Triple 8 Palace*, 2006 WL 851749 (S.D.N.Y. March 30, 2006).

Plaintiffs' claims further fail in whole or in part on a variety of independent statutory and common-law grounds set forth in defendant's answer. The statutory and case authority upon which defendant intends to rely includes, but is not limited to, New York Labor Law §§ 190 (definitions); 191 (frequency of payments), and 198 (statute of limitations and willfulness).

Plaintiffs' claim that this case may proceed as a class action should be denied pursuant to Fed. R. Civ. P. 23(a)-(b) and cases interpreting these standards, *see, e.g., Noble v. University Place Corp.*, 224 F.R.D. 330 (S.D.N.Y. 2004).

### MEASURE AND BURDEN OF PROOF

Plaintiffs bear the burden of proving a violation of §§ 193 and 196-d. Plaintiffs also bear the burden of demonstrating that the requirements of class certification under Fed. R. Civ. P. 23 have been met.

Defendant bears the burden to establish an affirmative defense by a preponderance of the evidence.

## AMENDMENTS TO PLEADINGS

Plaintiffs do not currently intend to amend their pleadings, but reserve the right to do so.

Defendant does not currently intend to amend the pleadings, but believes it may be necessary to join additional parties pursuant to Fed. R. Civ. P. 19.

The parties reserve the right to amend the pleadings or join additional parties as discovery proceeds in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties agree to the following deadlines which are respectfully submitted to Your Honor for her consideration: (1) for the amendment of pleadings: August 15, 2008; (2) for the joinder of additional parties pursuant to Fed. R. Civ. P. 19: 45 days following the Court's order on class certification.

## STATEMENT REGARDING TRANSFER TO A MAGISTRATE JUDGE

The parties do not consent to transfer of this case to a Magistrate Judge for all purposes, and specifically do not consent to transfer to a Magistrate Judge for trial.

## CHANGES TO REQUIREMENTS FOR DISCLOSURE UNDER RULE 26(a)

The parties do not anticipate that there will be any changes to the form or requirements for disclosures under Fed. R. Civ. P. 26(a). The parties agree to exchange disclosures under Fed. R. Civ. P. 26(a)(1) on or before August 1, 2008.

## DISCLOSURES AND DISCOVERY

Plaintiffs anticipate that discovery will be needed regarding (1) Starbucks' Tip Pooling Policy, (2) Starbucks' decision(s) to retain and then distribute customer tips to certain employees (Baristas and Shift Supervisors) and not others who also earned them (Trainees and Assistant Managers), (3) payroll data concerning the entire proposed Class; (4) the duties and responsibilities of Assistant Managers, (5) policies or practices concerning the duties and responsibilities of Assistant Managers, (6) the amounts of customer tips that Starbucks collected throughout the class-liability period, and (7) electronic stored information ("ESI") relating to the claims and defenses in this action.

Defendant anticipates that discovery will be needed regarding (1) the named plaintiffs' underlying claims, including their work experiences and suitability as class representatives, (2) the duties and activities of assistant store managers, (3) the practices and policies regarding the provision and distribution of gratuities within plaintiffs' proposed class, including the timing of these distributions and the distribution of gratuities to baristas during their training period, and (4) plaintiffs' claimed damages.

The parties propose a bifurcated discovery process. The first phase would limit discovery to class certification issues and the merits of the claims of the named plaintiffs. Plaintiffs seek a 60-day deadline for the completion of the first phase of discovery from the entry of the Court's scheduling order. The defendant seeks a 180-day deadline for completion of the first phase of discovery.

The second phase would limit discovery to the issue of damages and any additional trial witnesses identified in light of the Court's order on class certification and any motions for summary judgment following the first phase. The deadline for completion of the second phase

of discovery would be 90 days from the Court's class certification order or the formation and identification of the final class for purposes of trial, whichever is later.

## EXPERT DISCOVERY

The parties have not yet determined whether and the extent to which expert evidence will be required. The parties propose the following deadlines for expert discovery: (1) for experts on all issues except damages, 60 days after the close of the first phase of discovery; and (2) for experts related solely to the issue of damages, 60 days after the close of the second phase of discovery.

## LIMITATIONS ON DISCOVERY

The parties agree to abide by the limitations on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. At this time, the parties do not seek any further limitations on discovery other than the liability – damages bifurcation mentioned in the preceding section.

## SETTLEMENT DISCUSSIONS

The parties have not engaged in settlement discussions as of the date of the filing of this pre-trial statement.

## STATEMENT AS TO JURY TRIAL

Both plaintiffs and defendant demand a trial by jury. Plaintiffs do not yet have an estimate of the amount of time necessary to present their case. Defendant anticipates presentation of its defense will take approximately one-to-two weeks.

## OTHER ORDERS UNDER FED. R. CIV. P. 26(c) OR FED. R. CIV. P. 16(b) AND (c)

The parties anticipate motions practice under Fed. R. Civ. P. 23 and 56. The parties request that the Court set a briefing schedule requiring that motions for class certification and

summary judgment be served no later than 90 days following the close of the first phase of discovery.

Defendant anticipates filing a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) to restrict disclosure and use of confidential business proprietary and employee information produced in discovery. Defendant will confer with plaintiffs regarding the form and content of such an order, and will endeavor to submit a stipulated motion and order to the Court.

DATED: July 3, 2008

                                 Respectfully submitted,

                                 _____
                                 Adam T. Klein
                                 Justin M. Schwartz
                                 OUTTEN & GOLDEN LLP
                                 3 Park Avenue, 29th Floor
                                 New York, NY 10016
                                 (212) 245-1000

                                 ATTORNEYS FOR PLAINTIFFS
                                 KENNISHA LAWRENCE AND EUGENE WINAN


                                 _____
                                 Samidh Guha
                                 sguha@akingump.com
                                 AKIN GUMP STRAUSS HAUER & FELD, LLP
                                 590 Madison Avenue
                                 New York, NY 10022
                                 (212) 872-1015 (telephone)
                                 (212) 872-1002 (facsimile)

                                 Daniel L. Nash
                                 dnash@akingump.com
                                 Nathan J. Oleson
                                 noleson@akingump.com
                                 Jessica W. Paniccia

jpaniccia@akingump.com
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4000 (telephone)
(202) 887-4288 (facsimile)

Gregory W. Knopp
gknopp@akingump.com
AKIN GUMP STRAUSS HAUER & FELD, LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 229-1000 (telephone)
(310) 229-1001 (facsimile)

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION