UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
KENNISHA LAWRENCE and EUGENE
WINAN, on behalf of themselves and all
others similarly situated,

                      Plaintiffs,

             vs.

STARBUCKS CORPORATION,

                      Defendant.
------------------------------------------------------x

Case No. 08-cv-03734 (LTS)

## DEFENDANT STARBUCKS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

A plaintiff seeking to amend a complaint must demonstrate "good cause" to permit amendment after a court-imposed deadline has passed. Plaintiffs have filed a motion to amend their complaint to add four new plaintiffs *more than one year after* the Court's deadline to amend pleadings in this action, and nearly two months after discovery has closed. Plaintiffs fail to offer any justification for their belated request. Nor do they address the prejudice to defendant imposed by their request, or the adverse consequences their proposed amendment may have on related litigation that may need to be consolidated for trial. Having failed to meet their burden to permit amendment to add new parties at this late date, plaintiffs' motion should be denied.

### I.    BACKGROUND

Plaintiffs Kennisha Lawrence and Eugene Winans filed this lawsuit on April 18, 2008 alleging that Starbucks tip policy violates sections 196-d and 193 of the New York Labor Law. (DE 1, ¶ 73). On July 14, 2008, the Court issued a Pretrial Scheduling Order [DE 16], setting various deadlines in this action, including the deadline to amend the pleadings or add parties.

Under the Court's Pretrial Scheduling Order, "[a]ll applications to amend pleadings or join parties . . . shall be made by **September 30, 2008**." (*See* DE 16, ¶ 1) (emphasis in original).

The parties engaged in discovery during 2008 and the first half of 2009. (*See* DE 16, 20, 21, 23). After multiple extensions to the discovery deadline, fact discovery closed on August 1, 2009.[1] (*See* DE 20, 21, 23.) On August 27, 2009, nearly one year after the Court's deadline to amend and one month after the close of discovery, plaintiffs raised for the first time their desire to amend the complaint to add four new plaintiffs. (*See* DE 27, Declaration of Molly Brooks, ¶ 7). Plaintiffs do not explain in their motion why it is necessary to add additional plaintiffs. *(See id.,* ¶ 11.)

## II. ARGUMENT

A plaintiff seeking to amend a complaint after the deadline set by the Court has passed must show "good cause" for the amendment under Rule 16(b). *See, e.g., Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings."); *see also* Fed. R. Civ. P. 16(b)(4) (case management schedule "may be modified *only* for good cause and with the judge's consent.") (emphasis added). Plaintiffs have not demonstrated "good cause" to amend the complaint at this late juncture. Indeed, their motion contains no justification whatsoever to support their request for a late amendment.

The "good cause" requirement is intended to ensure that "at some point both the parties and the pleadings will be fixed." (*See* Fed. R. Civ. P. 16, advisory committee's notes (1983

---

[1] Under the case management order, expert discovery closed on April 30, 2009. (DE 16, ¶ 2.c.)

2

amendment)); *see also Parker*, 204 F.3d at 340. A showing of "good cause" depends upon the diligence of the moving party. *See, e.g., Parker*, 204 F.3d at 340. Plaintiffs cannot demonstrate due diligence where they did not seek leave to amend until after discovery had closed and more than a year after the deadline for amendment. *See, e.g., Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (finding the district court did not abuse its discretion in denying plaintiffs' motion to amend where plaintiffs were not diligent in seeking to amend complaint); *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 112 F.R.D. 417, 418, 421-22 (S.D.N.Y. 1986) (plaintiff did not meet good cause standard when first request to add party was made "one week before the defendants' motions for summary judgment were to be filed, two months after the close of discovery and over a year-and-a-half after the last date provided for motions for joinder by the scheduling order;" moving party must show good cause for undue delay). If a "plaintiff has not offered a justifiable excuse for his failure to comply with the [case management order] deadline, 'good cause' has not been shown." *Covington v. Kid*, No. 94 Civ. 4234, 1999 WL 9835, at*3 (S.D.N.Y. Jan. 7, 1999).

Plaintiffs argue that their request for leave to amend should be "freely given" under the standard set forth in Rule 15(a). (*See* Pl. Mot. [DE 26], 3). But this standard does not apply when the request for leave to amend comes after the deadline for such requests as set forth in the case management order. *See, e.g., Parker*, 204 F.3d at 340. And even if it did, plaintiffs could not meet the more liberal standard. As plaintiffs concede, a request for leave to amend under Rule 15(a) may be denied when there has been "undue delay" in seeking the amendment, the request would unnecessarily delay the action, or the request unduly prejudices the defendant. (DE 28 at 3 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).) These factors are present here.

3

First, there is obvious undue delay in plaintiffs' request—they did not "even hint" that they would seek to add parties for over a year, and they did not make their request until after discovery had closed. *H.L. Hayden Co. of N.Y., Inc.*, 112 F.R.D. at 418, 422 (denying request for leave to amend; acknowledging that although plaintiffs were not in a position to bring their motion to amend by the deadline, plaintiffs did not seek a modification of the order until over one year after the deadline had passed and did not "*even hint[]*" that the addition of parties was a possibility) (emphasis added).

Second, the request would unnecessarily delay this litigation to the prejudice of defendant. If plaintiffs' request is granted, this litigation will be further delayed because additional discovery will be necessary on the four new named plaintiffs. This case is related to another class action brought by a competing set of plaintiffs, *In re Starbucks Employee Gratuity Litigation*. (*See generally* DE 16, ¶ 12.) Because these cases involve competing and inconsistent claims regarding the distribution of tips from defendant's tip containers—the baristas in *In re Starbucks* contend they are entitled to all of the proceeds from the container to the exclusion of other employees, while the assistant store managers in this case allege they are entitled to share tips from the container with baristas and shift supervisors—it may be necessary to try the claims together to avoid inconsistent verdicts. (*See* DE 1 ¶ 1; *see also Barenboim v. Starbucks* (08-cv-3318), Amd. Compl. [DE 4], ¶¶ 15-26.) Further delay in this case will make consolidation more difficult because discovery, class briefing, and summary judgment briefing has already closed in the *In re Starbucks* litigation. If a consolidated trial is necessary, plaintiffs' dilatory and unnecessary amendment in this case may require that the *In re Starbucks* litigation be delayed a year or more to wait for the outcome of this case.

The substantial delay necessitated by plaintiffs' requested amendment is prejudicial to defendant for other reasons. A defendant has a valid "interest in and right to an expeditious determination of the claims against [it]." *See, e.g., H.L. Hayden Co. of N.Y., Inc.*, 112 F.R.D. at 421 (citations omitted). This prejudice is compounded where, as here, discovery has already closed and the amendment would require the defendant to expend additional resources to take discovery and prepare for trial. *Id.* Defendant should not be required to bear these burdens when plaintiffs have offered no reason to justify the need for additional plaintiffs. Plaintiffs may not dismiss these issues as minor. "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).)

There is no corresponding prejudice to plaintiffs. Plaintiffs contend this case may be maintained as a class, and have already named a plaintiff they believe is representative. If this plaintiff is an adequate representative, there is no need to add four additional named plaintiffs to fill the same role. Nor is the addition of these plaintiffs necessary to preserve their claims. *See, e.g., H.L. Hayden Co. of N.Y., Inc.*, 112 F.R.D. at 421-22 (denying motion to amend to add unnecessary party) (citing *L.D. Schreiber Cheese Co., Inc. v. Clearfield Cheese Co., Inc.*, 495 F. Supp. 313, 316 (W.D. Pa. 1980). Their statute of limitations was tolled upon the filing of the putative class complaint. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550-56 (1974). The four new plaintiffs who seek to be added in the amended complaint lose nothing if the request for leave to amend is denied.

Plaintiffs were required to show "good cause" why they should be allowed to amend their complaint more than one year after the Court-ordered deadline for such amendments. They have

5

made no effort to justify their late request, and thus their proposed amendment must be denied under Rule 16(b). Nor would they be permitted to amend their complaint under the less stringent standard of Rule 15(a). There is no reason to delay this case further and burden defendant with additional discovery to add more plaintiffs in a class case that already has a purportedly representative plaintiff. Plaintiffs' motion must be denied.

### III.  CONCLUSION

For the foregoing reasons, defendant requests that Plaintiffs' Motion for Leave to Amend Complaint be denied.

Respectfully submitted,

DATED: October 22, 2009                 /s/ Jessica W.P. D'Arrigo
Samidh Guha
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1015
Facsimile: (212) 872-1002
sguha@akingump.com

Gregory W. Knopp
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Telephone: (310) 552-6436
Facsimile: (310) 229-1001
gknopp@akingump.com

Daniel L. Nash
Nathan J. Oleson
Jessica W.P. D'Arrigo
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

dnash@akingump.com
noleson@akingump.com
jdarrigo@akingump.com

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Starbucks Corporation's Opposition to Plaintiffs' Motion for Leave to Amend Complaint was served this 22nd day of October, 2009 via the ECF filing system (registered users) or via U.S. Mail on the following:

>Adam T. Klein, Esq.
>Justin M. Swartz, Esq.
>Molly Anne Brooks, Esq.
>OUTTEN & GOLDEN LLP
>3 Park Avenue, 29th Floor
>New York, NY 10016

/s/
Jessica W.P. D'Arrigo