```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 JUL 2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

EUGENE WINANS et al.,

                Plaintiffs,

  -against-

STARBUCKS CORPORATION,

                Defendant.

------------------------------------------------------x

No. 08 Civ. 3734 (LTS)(JCF)

## MEMORANDUM ORDER

Plaintiffs Eugene Winans, Michael Bienthcs, Reynold Mangones, Matthew Taber and Kristen Tomaino (collectively, "Plaintiffs"), formerly employed as Assistant Store Managers ("ASMs") in stores operated by Starbucks Corporation ("Starbucks" or "Defendant"), bring this putative statewide class action asserting a claim against Starbucks for alleged violations of New York Labor Law § 196-d ("Section 196-d"). Plaintiffs assert that they are entitled, pursuant to Section 196-d, to participate in distributions from Starbucks stores' collective tip boxes and that Starbucks' tip distribution policy (the "Policy") improperly precludes them from receiving such distributions.[1] Plaintiffs have adequately averred that the Court has diversity jurisdiction of this action pursuant to the Class Action Fairness Act of 2005. 28 U.S.C. § 1332(d).

Plaintiffs have moved for class certification and the parties have cross-moved for summary judgment pursuant to Rules 23 and 56 of the Federal Rules of Civil Procedure. The

---

[1] The Complaint also asserts a claim pursuant to New York Labor Law § 193, which Plaintiffs have withdrawn. (Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. 12, n.6.)

Court has considered thoroughly the parties' submissions. For the following reasons, Defendant's motion for summary judgment will be granted in its entirety and Plaintiffs' complaint will be dismissed. The Court will not address Plaintiffs' class certification motion in light of the Court's ruling on Defendant's summary judgment motion.

## BACKGROUND

The following material facts are undisputed unless otherwise indicated.[2] Plaintiffs are former employees of Starbucks and were New York residents during their time of employment. (Def.'s Rule 56.1 Statement ("Def.'s 56.1 Stmt.") ¶¶ 1-5.) Starbucks is a Washington-based coffee and beverage company that operates stores throughout New York State. (Pls.' Am. Compl. ¶¶ 18-20.) Winans worked as an ASM from January 2005 until approximately January 2006 in two stores located in Queens, New York. (Def.'s 56.1 Stmt. ¶ 1.) Bienthes worked as an ASM from June 2002 to January 2004 in a store on Columbus Avenue in New York, New York. (Id. ¶ 2.) Mangones worked as an ASM from the spring of 2006 until September 2007 in a store in Jericho, New York. (Id. ¶ 3.) Tomaino worked as an ASM from September 2006 to December 2007 in a store in New York, New York. (Id. ¶ 4.) Taber worked as an ASM from approximately February 2007 to July 2007 in a store in Brooklyn, New York. (Id. ¶ 5.)

Starbucks refers to its store employees as "partners." (Decl. of N. Oleson ("Oleson Decl."), Ex. I, ("Partner Guide") at 9.) Partners are divided into four categories:

---

[2] Facts characterized as undisputed are identified as such in the parties' statements pursuant to Local Civil Rule 56.1 or drawn from evidence as to which there is no non-conclusory, contrary factual proffer. Citations to the parties' respective S.D.N.Y. Local Civil Rule 56.1 statements ("___ 56.1 Stmt") and responses thereto ("___ 56.1 Resp. Stmt") incorporate by reference citations to the underlying evidentiary submissions.

Baristas, Shift Supervisors, Assistant Store Managers and Store Managers. (Id.) Baristas and Shift Supervisors are part-time, hourly employees who are primarily responsible for customer service tasks. (Def.'s 56.1 Stmt. ¶¶ 7-8.) ASMs are salaried, full-time employees who perform customer service tasks and are also responsible for interviewing applicants, making hiring recommendations, processing payroll and other managerial tasks. (Id. ¶¶ 11-13.) Store Managers are salaried, full-time employees responsible for their stores' operations. (Id. ¶¶ 11, 14.) ASMs and Store Managers are eligible for certain benefits – such as holiday pay, sick pay and life insurance – that Baristas and Shift Supervisors do not receive. (Id. ¶ 20.)

Starbucks has a detailed written policy governing the collection, storage and distribution of tips. (Oleson Decl., Ex. J, ("Partner Resources Manual") § 4.6.) The Policy requires that each store place a plexiglass cube container near the cash register (the "collective tip box") where customers may place tips. (Id.) Once a week, a Shift Supervisor or Barista calculates the weekly total of accumulated tips and apportions the tips to each Barista or Shift Supervisor according to the number of hours that he or she worked that week. (Def.'s 56.1 Stmt. ¶ 18.) Under the Policy, only Baristas and Shift Supervisors may handle and receive the proceeds from the collective tip boxes while ASMs and Store Managers may not. (Partner Resources Manual § 4.6.) The written policy does not discuss the handling of tips that customers give to directly to an employee (as opposed to placing the tip in the collective tip box). (Id. §§ 4.6-4.7.)

## DISCUSSION

Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 256 (1986) (the moving party bears the burden of establishing that there is no genuine issue of material fact). A fact is considered material "if it might affect the outcome of the suit under the governing law," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson, 477 U.S. at 248). The Second Circuit has explained, however, that "[t]he party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Similarly, "mere conclusory allegations, speculation or conjecture" will not suffice to defeat summary judgment. Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996); see also Fed. R. Civ. P. 56(e).

When cross-motions for summary judgment are filed, "the standard is the same as that for individual motions for summary judgment." Natural Res. Def. Council v. Evans, 254 F. Supp. 2d 434, 438 (S.D.N.Y. 2003). "The court must consider each motion independently of the other and, when evaluating each, the court must consider the facts in the light most favorable to the non-moving party." Id. (citing Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001)).

New York Labor Law Section 196-d prohibits an "employer or his agent . . . or any other person" from "demand[ing] or accept[ing], directly or indirectly, any part of the gratuities received by an employee, or retain[ing] any part of the gratuity or of any charge purported to be a gratuity for an employee." N.Y. Lab. Law § 196-d (McKinney 2009). Section 196-d goes on to clarify that "[n]othing in this subdivision shall be construed as affecting . . . the

sharing of tips by a waiter with a busboy or similar employee." Id.

"The drafters of Section 196-d 'sought to end the unfair and deceptive practice of an employer retaining money paid by a patron under the impression that he is giving it to the employee, not to the employer.'" In re Starbucks Emp. Gratuity Litig., 264 F.R.D. 67, 72 (S.D.N.Y. 2009) (quoting Samiento v. World Yacht Inc., 10 N.Y.3d 70, 78 n.4 (N.Y. 2008)). It is thus unlawful for employers or their agents to participate in their subordinates' tip pools. Chung v. New Silver Palace Rest., Inc., 246 F. Supp. 2d 220, 229-30 (S.D.N.Y. 2002); Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048, 2007 WL 313483, at *20 (S.D.N.Y. Feb. 1, 2007). Nor can employers retain "for themselves any portion of the employees' tips." Chan, 2007 WL 313483, at *17 (emphasis added). See also Samiento, 10 N.Y.3d at 81. The statute does not, however, bar employers from mandating that tip-eligible employees participate in tip pools (see NYCRR 146-2.16(b)), nor does it impose any requirement that an employer provide a tip-inclusive compensation structure for all employees who would be statutorily eligible to participate in a tip pool.

Plaintiffs claim that, notwithstanding their "Assistant Store Manager" titles, their mix of customer service and other duties renders them "similar employees" who are eligible to share in wait-service employee tip pools. They further urge that Starbucks violates Section 196-d by excluding them from collective tip box distributions, reasoning that customers expect that tips will be distributed among all those seen serving in the stores and that, by excluding ASMs from the tip box, Starbucks is in effect demanding or redistributing the ASMs' earned share of tips. As noted above, Plaintiffs also contend that Starbucks violates the New York statute by forcing ASMs to contribute to the collective tip box money that is handed directly to them.

Material issues of fact concerning the nature of certain of the ASMs' duties preclude summary judgment with respect to the question of whether ASMs are employees who are statutorily eligible to participate in tip pooling. Starbucks is nonetheless entitled to judgment as a matter of law because Plaintiffs have failed to demonstrate that, even if ASMs are eligible employees, they have a right to participate in collective tip box distributions, and Plaintiffs have failed to proffer specific facts in support of their claim that Starbucks requires them to relinquish tips that customers give them personally.

"[W]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning." Charter Dev. Co., L.L.C. v. City of Buffalo, 6 N.Y.3d 578, 581 (N.Y. 2006). Contrary to Plaintiffs' assertions, the plain language of Section 196-d does not grant any employee a right to participate in tip pools or to receive the proceeds therefrom. Rather, the statute defines who is eligible to participate in tip pools – waiters, busboys, and other similar employees – and who is not – employers, their agents, and any other person. That an employee is eligible to participate in a tip pool does not mean that he or she is entitled to do so, nor does the absence of a prohibition effect an entitlement.

Plaintiffs contend that Section 196-d precludes Starbucks from excluding them from the tip pool because they have a right to tip box proceeds by virtue of store customers' presumed intent to compensate anyone they observe performing customer service tasks in the store. In support of this argument, Plaintiffs cite Samiento, in which the New York State Court of Appeals held that mandatory "service" charges can be subject to Section 196-d "when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees," adding that "[a]n employer cannot be allowed to retain these monies." Samiento, 10 N.Y.3d at 81. In that case, the plaintiffs had alleged that the employer

told inquiring customers that the "service" charge was a gratuity and treated the charge as a gratuity for tax purposes. The instant case involves no mandatory charges to customers, there is no evidence of representations made by Starbucks or anyone else as to the distribution of tip box proceeds and, most important, there is no evidence or allegation that Starbucks retained any of the tip box proceeds for itself. Samiento is thus inapposite. Put another way, even if the Court were to accept Plaintiffs' allegations as to customers' expectations that the tip proceeds would be distributed among customer service employees, the record is insufficient to support a finding that Starbucks policy violated Section 196-d's prohibition, since it is undisputed that Starbucks never retained the gratuities in question for itself but rather allowed tip-eligible customer service employees – and only tip-eligible employees – to share in the tip proceeds.

Plaintiffs also allege that some customers placed tips directly in their hands and that ASMs were "expected to" (Decl. of L. Steel ("Steel Decl."), Ex. 8, Dep. of M. Taber ("Taber Dep."), 85:5), or "had to" (Steel Decl., Ex. 10, Dep. of E. Winans ("Winans Dep."), 251:10-12), put these tips in the collective tip box. Plaintiffs fail, however, to proffer any specific facts that could lead a reasonable fact-finder to conclude that Starbucks demanded, accepted or retained these tips. Starbucks has no written policy requiring ASMs to relinquish the tips they received directly, nor were the Plaintiffs able to recall ever being told that they had to do so. Plaintiffs provided no explanation for why they felt they had to place the tips in the collective box, except for Plaintiff Winan's statement that he "felt it was the right thing to do." (Winans Dep., 133:22.) In the absence of any evidence of a Starbucks policy requiring ASMs to turn over their tips or that Starbucks, its agents or any other person demanded or exerted coercive pressure on ASMs to do so, Plaintiffs have failed to establish the existence of a genuine issue of material fact as to whether Starbucks demanded, accepted or retained their tips. See,

e.g., Matsushita Elec. Indus. Co., Ltd., 475 U.S. at 586 ("the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial"); Cifarelli, 93 F.3d at 51 ("[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment . . . [a non-moving party must] set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions showing a genuine issue exists for trial.").

Because nothing in Section 196-d grants particular employees an entitlement to any portion of the proceeds of a tip pool, Starbucks did not retain any part of the collective tip pool for itself, and all of the proceeds of the tip pool were distributed to tip-eligible employees, Plaintiffs' claims that Starbucks improperly retained gratuities that Plaintiffs were entitled to receive fail as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment dismissing Plaintiffs' complaint is granted in its entirety. Plaintiffs' cross-motion for summary judgment is denied in its entirety. Plaintiffs' motion for class certification is denied as moot.

This memorandum order resolves docket entry numbers 41, 66 and 75. The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
       July 11, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge